**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STATE FARM LLOYDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-503 |
| | § | |
| LARRY WOOD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON MOTION TO STAY**

**I.      Background**

   One of the two remaining defendants in this civil case, Angela Armstrong, has moved for a stay pending the resolution of a related criminal case.  Her former husband, Gregory Armstrong, is the other defendant remaining in this case.  In the civil case, State Farm Lloyds alleged that the Armstrongs committed insurance fraud and breached their insurance contract.  Specifically, State Farm Lloyds alleges that the Armstrongs caused their home to be flooded in order to submit an insurance claim under their homeowner's policy; falsely stated that the claim was for an accidental occurrence; claimed losses for items that were not damaged or that they did not own; and falsely represented that they had incurred additional living expenses.  (Docket Entry No. 1).  In the related criminal case, Angela Armstrong (but not her former husband) is charged with conspiracy to defraud and mail fraud, as well as additional counts.  The civil and criminal cases arise from the same underlying facts, which allegedly occurred in 1996 (while the Armstrongs were still married) and were discovered in 2002.

During discovery in the civil suit, Armstrong invoked the Fifth Amendment in response to a number of specific requests for production, requests for admission, and interrogatories. The docket control order set in the civil case calls for dispositive motions to be filed by March 26, 2007 and jury trial to occur in June 2007. The related criminal case is set for jury trial in January 2007. Armstrong has moved to stay the civil action pending against her and against her former husband until the criminal case against her is resolved. (Docket Entry No. 34). State Farm Lloyds opposes the motion. (Docket Entry No. 35).

## II.    Analysis

A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088 (5th Cir. 1979); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings."); *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (staying civil action until resolution of parallel criminal proceedings to "avoid duplication of effort and unnecessary litigation costs" and because "the outcome of the criminal case may encourage settlement" of the civil case). In exercising its discretion, a court should consider the following factors: (1) the extent to which the issues in the criminal case overlap with the those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against

2

the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Librado v. M.S. Carriers, Inc.*, No. Civ. A. 3:02-cv-2095D, 2002 WL 31495988, at *1 (N.D. Tex. Nov. 5, 2002). If these factors show that discovery implicates the party's privilege, a court may stay discovery. *See id.* at *3. Each of these factors is analyzed below.

A.      *The Extent to Which the Issues in the Civil and Criminal Cases Overlap*

The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay. "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter." *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003) (internal quotation marks and citations omitted). This civil action shares a significant number of issues with the criminal case against Angela Armstrong. It is not required, as State Farm Lloyds suggests, that there be identical elements in both the criminal offenses and the civil causes of action asserted. The overlapping issues weigh heavily in favor of granting a stay.

B.      *The Status of the Criminal Proceedings*

"In determining whether to grant a stay, a court must also consider the status of the related criminal proceedings, which can have a substantial effect on the balancing of the equities." *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003). If criminal indictments are returned against a civil defendant, a court should strongly consider staying the civil proceedings until the related criminal

proceedings are resolved.  *Id.*; *see also Walsh Sec., Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).  Civil proceedings, if not deferred, can undermine a defendant's rights, including the privilege against self-incrimination under the Fifth Amendment.  *Javier H.*, 218 F.R.D. at 75 (citation omitted).

In this case, Angela Armstrong was indicted on August 17, 2005.  A stay is necessary to protect her Fifth Amendment rights.  State Farm Lloyds suggests that discovery should proceed as to Gregory Armstrong, the only other defendant in this case.  This approach raises more problems than it solves.  If discovery were stayed only as to Angela Armstrong, State Farm Lloyds could not adequately prepare for its civil case because she is a key figure in both the civil and criminal cases.  *In re Adelphia*, 2003 WL 22358819, at *5.  Because the civil and criminal issues are so closely intertwined, and because the issues and facts relating to Angela Armstrong and Gregory Armstrong are also closely intertwined, proceeding with discovery only as to Gregory Armstrong would present the risk that Angela Armstrong would have to expose her criminal defense strategy to the government.  *See id.*  Therefore, this factor also weighs strongly in favor of staying this case pending resolution of the related criminal proceedings.

C.     *The Plaintiff's Interests in Expeditious Civil Proceedings Weighed Against the Prejudice to the Plaintiff Caused by the Stay*

Normally, "[i]n evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim."  *In re Adelphia*, 2003 WL 22358819, at *4 (citation

4

omitted).  There is no assertion of prejudice in the present case.  Moreover, the delay in the civil case is not likely to be extensive, given the January 2007 criminal trial setting.  In light of the delay between the alleged events and their discovery, and the further delay in the filing of this suit, the risk of prejudice from delaying the civil proceeding does not weigh against granting the stay.

>        D.        *The Burden on the Defendants*

Because Angela Armstrong is under criminal indictment in a case concerning nearly identical issues with respect to the alleged insurance scheme and because the facts between the two cases overlap substantially, the risks to the fair resolution of the criminal case outweigh the benefits of expedition in the civil case.  *See In re Adelphia*, 2003 WL 22358819, at *5; *Walsh Sec.*, 7 F. Supp. 2d at 528.  This factor weighs in favor of staying the civil proceedings.

>        E.        *The Interests of the Court*

All district courts have an interest in efficiently managing their dockets.  *In re Adelphia*, 2003 WL 22358819, at *5 (citation omitted); *see also Cognex Corp. v. Nat'l Instruments Corp.*, No. Civ. A. 00-442-JJF, 2001 WL 34368283, at *1 (D. Del. June 29, 2001) (court must analyze whether a stay would simplify the issues raised by the parties).  Staying this case is better for judicial efficiency.  If the civil action is stayed until the conclusion of the criminal proceedings, there is no need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case.  *In re Adelphia*, 2003 WL 22358819, at *5 (citing *Walsh Sec.*, 7 F. Supp. 2d at 528); *see also Javier H.*, 218 F.R.D.

at 75 ("By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." (citation omitted)).  The outcome of the criminal proceedings may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case.  *See In re Adelphia*, 2003 WL 22358819, at *5.  This factor also weighs in favor of granting a stay.

F.      *The Public Interest*

"[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant."  *Javier H*., 218 F.R.D. at 75 (citations omitted).  A stay in this case would allow the criminal prosecution of Angela Armstrong to proceed unimpeded by any concerns that may arise in discovery in the civil case.  *See In re Adelphia*, 2003 WL 22358819, at *6; see also Javier H., 218 F.R.D. at 75.  While the public has an interest in this case, the related criminal proceeding serves to advance many of those same interests, especially given the factual overlap between the cases with respect to the alleged insurance fraud*.  See In re Adelphia*, 2003 WL 22358819, at *6 (citations omitted).  This factor weighs in favor of granting a stay.

**III.    Conclusion**

The relevant factors support staying this civil case pending resolution of the criminal

proceedings.  The proceedings in this case are stayed until further order of this court.

SIGNED on December 12, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge